IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| MICHAEL DOMJAN | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. ______________ |
| | § | |
| | § | |
| DIVCON, L.L.C. and SETTOON | § | |
| CONSTRUCTION, INC. | § | IN PERSONEM –JURY TRIAL |
| | § | REQUESTED per RULE 38 |
| | § | Filed pursuant to 28 U.S.C. § 1916 |
| *Defendant* | § | Permitting filing without prepayment |
| | § | of filing fees or costs by seamen |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICHAEL DOMJAN, Plaintiff herein, and files this cause of action against Defendants DIVCON, L.L.C. and SETTOON CONSTRUCTION, INC., and for cause of action will show the Court as follows:

**I.**
**PARTIES**

Plaintiff is MICHAEL DOMJAN, a citizen of the United States and a resident of the State of Illinois and all times material hereto, a Jones Act seaman employed by, Divcon defendants named below:

Defendant DIVCON, L.L.C., is a Louisiana corporation headquartered in Morgan City, Louisiana, its address is 8120 Highway 182 East, Morgan City, Louisiana 70380-2474. The. It may be served through its registered agent, Carol Chilton Deatley, 8120 Highway 182 East, Morgan City, Louisiana 70380.

Defendant SETTOON CONSTRUCTION, INC., ("Settoon"), is a Louisiana corporation headquartered in Pierre Part, Louisiana. Its address is 1081 Highway 70 Belle River, Pierre Part, Louisiana 70339. Defendant is now and all times material herein, the owner, operator and/or charterer of its offshore barge, in name or number, unknown involved below in Par. III. It may be served through its registered agent, Fred A. Settoon, 4467 Highway 70, Pierre Part, Louisiana 70339.

**II.**

**JURISDICTION & VENUE**

This Court has original jurisdiction under 46 U.S.C. § 30104 (a) and (b) and under the General Maritime Laws of the United States.

Venue is proper in the Eastern District of Louisiana per 46 U. S. C. § 30104.

**III.**
**CAUSES OF ACTION**

A. Negligence:

On or about August 22, 2010, Plaintiff Michael Domjan was working aboard Defendant Settoon's barge, as a diver, Jones Act seaman and member of the crew of said vessel. While in the course and scope of his duties and as diver contributing to the mission of the vessel, he sustained severe, serious, permanent and disabling injuries to his left ankle and other parts of his body generally.

Such injuries were proximately caused by the negligence of the Defendants, its officers, agents and crew (other than Plaintiff Domjan). He was acting at all times material, in the course and scope of Defendants' employment. Such negligence includes, but is not limited to negligently ordering and, requiring Plaintiff to "push off" or "jump into the water" from the deck of the barge, rather than using a ladder. Such order was negligent considering the water depth to

be only a few (3”) feet. Defendant knew or should have known it was unsafe for any diving work to be done, under these circumstances as ordered. Plaintiff, heavily loaded with required diving gear and equipment, was instructed to jump into the water, causing him to strike the bottom and his footing to become entangled and immobilized in the bottom of the waters, (he got stuck in the mud), attempting to free himself, he fell over, fracturing of his left ankle, requiring surgery and the placement of plate pins. The Defendant knew or should have known that such operation, by a diver, in shallow seas would, more likely than not, create a dangerous working condition, which it did here.

B. Seaworthiness:

Defendants owed Plaintiff a nondelegable duty to provide a seaworthy vessel, including, its crew or lack thereof appurtenances and a safe means of ingress and egress. Defendants failed to exercise reasonable care with respect to the safety of Plaintiff. Further Defendant failed to provide a seaworthy vessel, that was not reasonably fit for its intended use.

C. Maintenance and Cure:

Defendants Divcon, Jones Act employers and vessel owner, under the General Maritime Laws of the U.S., owes duties to a seaman, such as Mr. Domjan, once ill or injured in the service of said vessel to pay him or defray the costs of his maintenance and cure.

Should Defendants fail to pay or defray Plaintiff’s medical bills, he reserves his right to seek punitive damages under *Exxon v. Baker*, 128 S.Ct. 2605; 171 L.Ed. 570 (2008).

Plaintiff sues Defendants, jointly and severally, for their arbitrary and willful failure and refusal to pay maintenance.

## IV.

## ACTUAL DAMAGES

As a proximate result of Defendants' negligence of and causally related to the unseaworthiness of the vessel, jointly and severally, Plaintiff suffered serious, permanent and disabling injuries to his left ankle and other parts of his body generally, and including ankle pain, and body severally, which have resulted in:

a. Pain and suffering and mental anguish in the past, in the present and in the future; and

b. His lost past earnings and diminishment and loss of his future earning capacity; and

c. His physical impairment in the past and in the future; and

d. His disfigurement in the past and in the future; and

e. Reasonable and necessary medical expenses and/or treatment, prescriptions and hospitalizations in the past and in reasonable medical probability in the future.

Defendant has been put on notice, continually, for more than four months to the occurrence that makes the basis of this suit. Defendant has repeatedly been furnished medical reports and bills, but has refused to pay same. For two months, Plaintiff has had to survive without any payment at all of his reasonable and necessary maintenance.

## V.
## PRAYER

WHEREFORE, Plaintiff prays for:

1. Summons for service be issued upon Defendants DIVCON, L.L.C., DIVCON PROPERTY, L.L.C and SETTOON CONSTRUCTION, INC.; and/or
2. A trial by jury; and/or

3. For judgment against Defendants, jointly and severally, in the sum of ONE MILLION DOLLARS ($1,000,000.00) for his actual damages per 46 U.S.C. § 30104 and 28 U.S.C. § 1332(a); and
4. His maintenance and cure above; and
5. Damages for failure to pay medical care (cure), including usual, reasonable, necessary and customary attorneys fees and costs in collecting his maintenance and cure; and
6. Punitive damages in an amount to be determined for Defendants' above failure to pay maintenance and cure, reasonably related to his ; and

   All above are adopted herein per F.R.Civ.P. 10(c).
7. All costs of Court and pre- and post-judgment interest at the maximum legal rate beginning for a period after the date of injury until paid; and for any and all other relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

/s/_Jack W. Harang
**Jack W. Harang (**Attorney-In-Charge)
Fed. ID:
LBN: 15083
228 St. Charles Avenue, Suite 501
New Orleans, Louisiana 70130
(Subject to Motion for Pro Hac Vice)
MARTINA CARTWRIGHT
TBN: 00793475
FED. I.D.: 21919
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Facsimile: (713) 630-0789
**Of Law Offices of Newton B. Schwartz, Sr.**

ATTORNEYS FOR PLAINTIFF