```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICHAEL DOMJAN                                CIVIL ACTION

VERSUS                                        NO: 10-3398

SETTOON CONSTRUCTION, INC.,                   SECTION: "A" (1)
ET AL.
```

### ORDER

Before the Court is a **Motion for Judgment As a Matter of Law or Alternatively for a New Trial (Rec. Doc. 80)** filed by plaintiff Michael Domjan. Defendant Divcon, LLC opposes the motion. The motion, noticed for submission on June 20, 2012, is before the Court on the briefs without oral argument.

On April 4, 2012, the jury returned a verdict in favor of Plaintiff Michael Domjan on his Jones Act claim. (Rec. Doc. 71). On April 11, 2012, the Court entered judgment accordingly. (Rec. Doc. 75).

Plaintiff moves for post-trial relief on several issues.

***Comparative Negligence.*** Plaintiff argues that the jury was clearly in error when it found him to be 45 percent at fault for his own injuries. Plaintiff argues that the evidence supports a violation of OSHA Regulation 53 such that the jury should not have been allowed to even consider Plaintiff's comparative fault.

The motion is DENIED as to this issue. The jury's

1

assessment of comparative fault was not erroneous under the facts. Domjan decided to enter the water without a ladder in full diving gear, knowing that he was unsure of the depth. The jury could reasonably conclude that Domjan did not "exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances" in light of Domjan's "own experience, training, and education." (Jury Charges, at 7).

Further, Plaintiff never raised the issue of OSHA Regulation 53 prior to this motion. The pre-trial order specifically states that Plaintiff's fault is a contested issue of law, (PTO, Rec. Doc. 49, at 7), meanwhile the contested issues of fact and law say nothing about OSHA regulations. Plaintiff did not object to the pattern contributory negligence instruction being given the to the jury and to the accompanying interrogatory on the verdict form. Assuming *arguendo* that the evidence does establish that the regulation applied and was violated, Plaintiff is simply too late in trying to raise this issue post-trial.

### *Failure to Mitigate/Maintenance Claims.*

Plaintiff argues that the Court erred in instructing the jury as to mitigation regarding maintenance and cure. Plaintiff argues that he was entitled to maintenance from the date of his injury until he reached maximum medical improvement, sometime in the fall of 2011. Plaintiff argues that the cutoff date for maintenance is maximum possible cure, not when the seaman

recovers sufficiently to return to work.

Divcon contended throughout this litigation that it had offered Plaintiff a suitable light-duty office job following his surgery but that Plaintiff had declined the position, thereby failing to mitigate his damages, and consequently forfeiting his right to maintenance.[1] As the Court recalls, Plaintiff's testimony was that he did not necessarily agree that such an offer had been made. Nonetheless, the answers to the verdict form interrogatories pertaining to the maintenance claim demonstrate that the jury believed that such an offer had been made. Because maintenance is owed on a daily basis, and because the Court rejected Defendant's position regarding a complete and retroactive forfeiture of maintenance, see note 1, supra, the Court added an interrogatory to the verdict form so that the jury could determine on which date the job offer was made. This date was important because, assuming that Plaintiff's medical

---

[1] During the charge conference Defendant took the position that the forfeiture of maintenance for failure to mitigate operated *retroactively* such that Domjan would forfeit *all* maintenance, *including what he had rightfully received prior to any light-duty job offer.* The Court rejected Defendant's suggestion that the forfeiture for failure to mitigate would operate retroactively to deprive Domjan of maintenance. Thus, while the Court agreed with Defendant's contention that the law in this circuit does recognize that a seaman can forfeit maintenance payments for failure to mitigate, the Court remains convinced that the forfeiture can only be *prospective*--for example, as in this case where a light-duty job offer was made, where Plaintiff's condition would not have prevented him from taking the position, and yet Plaintiff declined for non-medical reasons.

condition did not prevent him from taking the job, the earliest that any penalization for failure to mitigate could apply would be from the date of the job offer, see note 1, supra.  The jury's answer to interrogatory no. 7 was intended to determine the earliest possible date that the failure to mitigate could apply but the jury's answer, "Aug-Sept 2010," indicates that the jury could not pinpoint the date.  This is not a surprise because Defendant did not produce any evidence of a specific date because its position was that the forfeiture was complete as to all maintenance and cure.  But because Defendant had the burden of proof as to mitigation yet did not establish the date when the job offer occurred, the Court calculated the credit for maintenance accordingly.  (See Rec. Doc. 74 n.1).

Plaintiff is correct of course that maintenance is owed until the seaman reaches MMI and does not terminate simply because he becomes medically fit for light duty.  But Plaintiff's maintenance payments were not terminated as of October 1, 2010, simply because he became medically fit for light duty.  Plaintiff's maintenance payments were forfeited because the jury made a factual finding that he had been offered a light-duty position that he could have taken but that he declined without medical justification.  The law in this circuit allows for the finding that the jury made.  See Dowdle v. Offshore Express, Inc., 809 F.2d 259 (5th Cir. 1987); see also Atlantic Sounding v.

4

Co. v. Parker, No. 09-6831, 2010 WL 2836130 (E.D. La. July 14, 2010) (applying Dowdle). The reason that the phrase "medically fit" is important is because an employer cannot absolve itself of its maintenance obligation by forcing the seaman back to work to the detriment of his health. See Pyles v. Am. Trading & Prod. Corp., 372 F.2d 611 (5th Cir. 1967). In this case, there was no suggestion that Plaintiff's medical condition precluded him from taking the light-duty position or that by doing so he would compromise his ability to recuperate. Instead, as the Court recalls, Plaintiff left town for personal reasons.

The motion is DENIED as to the maintenance claim.

***Future Lost Wages/Loss of Earning Capacity.***

Plaintiff argues that the Court should grant a new trial because the jury erred by awarding nothing for future lost wages and loss of earning capacity while awarding $150,000 in general damages.[2]

The motion is DENIED as to this issue. The jury's general damage award, which clearly was not intended to apply to future pain and suffering in light of the $0 award for future economic loss, was not so low as to warrant a new trial.

Divcon put on sufficient evidence to allow the jury to

---

[2] Plaintiff contends that state law governs the question of whether the verdict was excessive or inadequate. This is not correct. State law applies in diversity cases, see Fair v. Allen, 669 F.3d 601, 604 (5th Cir. 2012), but Plaintiff sued under the Jones Act. Federal standards therefore govern.

reject Plaintiff's claims of future economic loss, such as the downturn in the dive industry, the attrition rate in the industry, and testimony that Plaintiff had expressed a desire to leave diving altogether.  After the accident Plaintiff refused light duty work with Divcon and left the region because he wanted to move up north to be near his daughter.  The jury could have concluded that Plaintiff had intended to pursue other interests.  But perhaps most damning of all was the fact that Plaintiff's recurring issues with weight had always kept him from completing his dive training and had basically "benched" him at the time of the accident.  Even though Plaintiff had sustained a serious ankle injury this did not compel the conclusion that he was totally disabled from all employment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Judgment As a Matter of Law or Alternatively for a New Trial (Rec. Doc. 80)** filed by plaintiff Michael Domjan is **DENIED**.

June 25, 2012

                                                         _____
                                                         JAY C. ZAINEY
                                                         UNITED STATES DISTRICT JUDGE